```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DAVE THOMAS, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil No. 10-0370 (JBS) |
| v. |  |
|  | **MEMORANDUM OPINION** |
| N.J. STATE PAROLE BD., |  |
| Respondents. |  |

**SIMANDLE, District Judge:**

This matter is before the Court upon preliminary review pursuant to Habeas Rule 4 of an application for habeas corpus relief under 28 U.S.C. § 2254.  The Court finds as follows:

1.  On October 1, 2009, Dave Thomas, a state-sentenced inmate incarcerated at Bayside State Prison, filed an application for writ of habeas corpus under 28 U.S.C. § 2254, in <u>Thomas v. N.J. State Parole Bd</u>, Civil Action No. 09-5026 (JBS).  The application concerned Petitioner's parole, but did not specify the determination Petitioner was challenging or set forth federal grounds, facts supporting each federal ground, or the relief requested.  By Order entered October 14, 2009, this Court dismissed the application without prejudice for failure to comply with the rules governing habeas corpus pleadings.  The dismissal of the application was without prejudice to the filing of a new habeas application that complied with the habeas rules.

2.  On January 19, 2010, Petitioner executed a new Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, which

challenges a judgment of the New Jersey Superior Court, Appellate Division, dated December 28, 2009, remanding a parole matter to the New Jersey State Parole Board.  (Docket entry #1 at p. 2.)  The Petition does not specify the final administrative parole determination being challenged.

    3.  Section 2254(a) of Title 28 provides in relevant part:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

    4.  Habeas Rule 4 requires the assigned judge to <u>sua sponte</u> dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4.

    5.  Habeas Rule 2 provides:

(c) **Form**.  The petition must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;

>    (3) state the relief requested;
>
>    (4) be printed, typewritten, or legibly handwritten; and
>
>    (5) be signed under penalty of perjury . . .
>
> (d) **Standard Form.**  The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.  The clerk must make forms available to petitioners without charge.

28 U.S.C. § 2254 Rule 2(c), (d).

   6.  The Local Civil Rules require that, unless prepared by counsel, petitions to this Court for a writ of habeas corpus must be on the form supplied by the Clerk.  See Local Civ. R. 81.2(a).

   7.  The Supreme Court explained the habeas pleading requirements as follows:

>    Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005).

8. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The United States Court of Appeals for the Third Circuit has found summary dismissal without the filing of an answer warranted where none of the grounds alleged in the petition would entitle the petitioner to habeas relief, see United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), or the petition contains vague and conclusory allegations, see United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

9. The Petition presently before this Court will be dismissed, pursuant to Habeas Rule 4, without prejudice, for failure to comply with Habeas Rule 2 and Local Civil Rule 81.2(a). The Petition fails to comply with the aforesaid rules in that:

> (a) it does not specify the final administrative determination by the New Jersey State Parole Board being contested, as required by Rule 2(b);

    (b) it does not specify each federal ground on which the judgment is being contested, as required by Habeas Rule 2(c)(1);

    (c) it does not state the facts supporting each federal ground, as required by Habeas Rule 2(c)(2);

    (d) it does not state the relief requested, as required by Habeas Rule 2(c)(3);

    (e) it is not on the § 2254 form supplied by the Clerk, as required by Local Civil Rule 81.2(a).

    10.  The dismissal of the Petition is without prejudice to the filing of a new petition which complies with the aforesaid pleading requirements and is on the form provided by the Clerk.

    11.  A certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) is denied because jurists of reason would not find it debatable that dismissal of the Petition is correct.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

    12.  An appropriate Order accompanies this Opinion.


                                **s/ Jerome B. Simandle**
                              JEROME B. SIMANDLE, U.S.D.J.

Dated:  **March 12, 2010**